CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

SHARON R. GRAVLEY,                    )
                                      )   Civil Action No.  7:05CV00074
        Plaintiff,                    )
                                      )
v.                                    )   **MEMORANDUM OPINION**
                                      )
JO ANNE B. BARNHART,                  )
Commissioner of Social Security,      )   By:    Honorable Glen E. Conrad
                                      )          United States District Judge
        Defendant.                    )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423.  Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Sharon R. Gravley, was born on December 29, 1952 and eventually reached the eighth grade in school.  Mrs. Gravley has been employed as a textile worker.  She last worked on a regular basis in 1994.  On September 11, 2002, plaintiff filed an application for a period of disability and disability insurance benefits.  Mrs. Gravley alleged that she became disabled for all forms of substantial gainful employment on October 15, 1994 due to torn cartilage and arthritis in her knees.

Plaintiff now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 1999, but not thereafter. See, generally, 42 U.S.C. §§ 414 and 423. Consequently, Mrs. Gravley is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 1999. See, generally, 42 U.S.C. § 423.

Mrs. Gravley's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 26, 2004, the Law Judge also determined that Mrs. Gravley is not disabled. The Law Judge found that plaintiff suffers from osteoarthritis in her knees, as well as status post torn knee cartilage. Despite these problems, the Law Judge ruled that Mrs. Gravley retains sufficient functional capacity to perform past relevant work activity as a textile mill seamstress. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(e). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Gravley has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical

2

manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Almost all of the medical evidence in this case was completed after termination of insured status. In 1995, Mrs. Gravley was treated for swelling in her right knee. On March 4, 2000, plaintiff was again seen on an emergency basis for swelling in her right knee. On this occasion, she was said to be suffering from mild osteoarthritis. Thereafter, plaintiff sought treatment for a variety of physical problems. In 2002, she was treated for a torn lateral meniscus and degenerative arthritis in the left knee. Since that time, most of her medical treatment has been directed to her left lower extremity. However, objective medical studies and clinical findings have not proven overly remarkable. The court believes that the Administrative Law Judge properly determined that plaintiff's knee problems are not so severe as to prevent performance of the lighter work she previously performed as a seamstress. Accordingly, the court must conclude that the Commissioner's resolution of the factual issues in this case is supported by substantial evidence.

On appeal to this court, Mrs. Gravley makes several arguments relating to medical input provided by Dr. Robert B. Stephenson, her treating orthopedic specialist. Dr. Stephenson has seen plaintiff on several occasions. On October 28, 2003, Dr. Stephenson submitted a physical capacities evaluation in which he indicated that plaintiff's pain is so severe as to interfere with her attention and concentration, often to frequently. He also noted that she could be expected to miss about three days of work per month because of her impairments. Dr. Stephenson reported that Mrs. Gravley uses a cane

3

to ambulate. The doctor opined that plaintiff's symptoms relate back to December 31, 1999. The Administrative Law Judge discounted Dr. Stephenson's physical capacities evaluation, noting that the doctor's clinical findings and diagnostic studies do not support such a level of physical dysfunction.

The court must conclude that the Law Judge's treatment of Dr. Stephenson's physical capacities evaluation is supported by substantial evidence. Under 20 C.F.R. § 404.1527, the Commissioner is charged to consider whether medical opinions are consistent with objective medical findings. The court must agree that, in the instant case, Dr. Stephenson's physical capacities evaluation is simply not consistent with the doctor's own objective findings. For example, at the time of his first examination of Mrs. Gravley on May 1, 2002, Dr. Stephenson noted only mild warmth and effusion in the left knee, with full flexion. An MRI of the left knee was unremarkable. On May 17, 2002, Dr. Stephenson reported that Mrs. Gravley was doing somewhat better with her level of discomfort following a cortisone injection. On May 30, 2002, only mild effusion and tenderness were noted. Following an arthroscopy, Dr. Stephenson reported on July 5, 2002 that plaintiff was ambulating without the use of crutches and that she was doing "fairly well." On that occasion, he noted only minimal pain. Throughout the remainder of 2002 and in early 2003, Dr. Stephenson again noted that Mrs. Gravley was doing "fairly well." She experienced a recurrence of pain in the summer of 2003, but continued to demonstrate essentially full flexion and extension. On August 21, 2003, Dr. Stephenson diagnosed degenerative joint disease, clinically improved.

In short, the court can discern no medical evidence which would support the finding that plaintiff's knee problems are so severe as to prevent regular and sustained work activity. Certainly, as to the period prior to the termination of insured status on December 31, 1999, there is no medical evidence indicating that Mrs. Gravley was totally disabled. Indeed, when seen for knee problems in

4

March, 2000, Mrs. Gravley sought treatment for right knee symptoms, rather than for the left knee difficulties which later proved to be the focus of Dr. Stephenson's treatment. In any event, to the extent that Dr. Stephenson's physical capacities evaluation can be read so as to suggest that Mrs. Gravley is totally disabled, the court concludes that the Commissioner's decision to the contrary is fully supported by the objective clinical findings.

In a memorandum in support of her motion for summary judgment, plaintiff also contends that the Law Judge erred in failing to obtain input from a medical expert as to the date of her disability onset. It seems that sometime after denial of the application in the instant case, Mrs. Gravley filed a new application for supplemental security income benefits. That application was approved, and plaintiff began to receive supplemental security income benefits as of June 2004. Citing Social Security Ruling 83-20, and the decision of the United States Court of Appeals for the Fourth Circuit in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995), plaintiff argues that the Commissioner is charged to secure input from a medical expert if the issue of onset date is relevant and in dispute. However, this court has consistently held that the rationale of Bailey v. Chater, supra, and Social Security Ruling 83-20 applies only after the issue of disability has been decided in the claimant's favor, and the date of disability onset cannot be established through reference to some particular traumatic event.[1] In the instant case, the Administrative Law Judge did not even have the benefit of knowing that a subsequent application for supplemental security income benefits would be successful. Thus, the Law Judge had no reason to believe that the issue of onset date was relevant and that input from a medical expert

---

[1] For example, in Bailey v. Chater, supra, the Administrative Law Judge had already found that the claimant was disabled. The Law Judge established the claimant's disability onset through reference to the date of a medical report which established the claimant's disability. Citing Social Security Ruling 83-20, the Fourth Circuit found that the date of disability onset did not necessarily coincide with the date of first recorded medical documentation of the disabling condition. The Fourth Circuit noted that in such circumstances, the date of disability onset must be inferred, and that input from a medical advisor would be helpful in making the inference.

5

would be needed. If plaintiff's argument in this case were to prevail, it would be necessary for the Commissioner to secure input from a medical expert in every social security case, just because a later application might be successful. This court does not read Bailey to require such a result.

Finally, Mrs. Gravley argues that the Commissioner erred in not considering the instant application as one for disability insurance benefits and supplemental security income benefits.[2] This issue was discussed at the time of the administrative hearing, and the Law Judge indicated that Mrs. Gravley had a "very good reason for arguing that she has filed a Title XVI claim at the present." (TR 190). While Mrs. Gravley may have intended to file an application for supplemental security income benefits, the record indicates that her application was not actually filed as a concurrent claim for benefits under both federal programs. In any event, the court does not consider the issue to be significant. The court finds that the record clearly supports the conclusion that Mrs. Gravley was not disabled for all forms of substantial gainful employment at any time prior to the final decision of the Commissioner, either before or after termination of insured status.

In summary, the court finds that the final decision of the Commissioner is supported by substantial evidence. The court believes that the Administrative Law Judge properly discounted the physical capacities evaluation from Dr. Stephenson which suggests total disability for all forms of work. The court finds no legal basis in support of plaintiff's assertion that the Commissioner committed error in failing to secure input from a medial advisor as to the date of her disability onset or in failing to consider her application to be a concurrent claim for disability insurance benefits and

---

[2] If plaintiff's application had been considered as a concurrent claim for benefits under both programs, it would have been necessary for the Law Judge to consider whether plaintiff was disabled at any time prior to the date of the Law Judge's opinion, rather than just for the period prior to the termination of insured status.

supplemental security income benefits. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Gravley is free of all pain, discomfort, and weakness in her lower extremities. Indeed, the medical record confirms that plaintiff has degenerative arthritis in both knees, and that her condition can be expected to cause pain, swelling, and restricted movement. However, it must again be noted that the doctors who have treated plaintiff's knee problems have failed to note clinical findings of severe musculoskeletal dysfunction. It must be recognized that the inability to work without any subjective discomfort does not, of itself, render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This _29th_ day of September, 2005.

_Glen E. Conrad_

UNITED STATES DISTRICT JUDGE

7